# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 12, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**KENDALL CAIN,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1216** (BOR Appeal No. 2047110)
(Claim No. 2009066266)

**and**

**No. 12-1218** (BOR Appeal No. 2047111)
(Claim No. 2009066266)

**ANCHOR LONGWALL AND REBUILD, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kendall Cain, by Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Anchor Longwall and Rebuild, Inc., by Lucinda Fluharty, its attorney, filed a timely response.

The first appeal (12-1216) arises from the Board of Review's Final Order dated September 21, 2012, in which the Board affirmed a March 21, 2012, Order of the Workers' Compensation Office of Judges.[1] In its Order, the Office of Judges denied Mr. Cain's request for attorney's fees incurred in the protest of the claims administrator's March 1, 2011, decision which denied a request for L3-4 nerve root blocks.

The second appeal (12-1218) arises from the Board of Review's Final Order dated September 21, 2012, in which the Board affirmed a March 21, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges denied Mr. Cain's request for attorney's fees incurred in the protest of the claims administrator's March 1, 2011, decision which denied a request for the medications Naproxen, Baclofen, and Percocet. The Court has

---

[1] Pursuant to an Order entered on October 22, 2012, this Court has consolidated Case Nos. 12-1216 and 12-1218 for purposes of consideration and decision.

1

carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Cain, a laborer, injured his lower back and legs while lifting parts in the course of his employment. His claim was held compensable for multiple lumbar spine conditions including herniated discs. In a treatment note on May 19, 2010, Roland Chalifoux, D.O., noted that a neurosurgeon, Warren Boling, M.D., recommended Mr. Cain undergo surgery to treat lumbar herniated discs. Nerve root blocks and medication were found to provide some relief for Mr. Cain, and Dr. Chalifoux wished to continue them until he was able to undergo surgery.

The StreetSelect Grievance Board recommended denying a request for L3-4 nerve root blocks and the medications Naproxen, Baclofen, and Percocet on February 25, 2011. It found that Mr. Cain had received considerable treatment for his compensable injuries including multiple injections. He had also received authorization for a neurosurgical consultation. The Grievance Board recommended withholding further treatment pending the consultation. Its opinion was based upon the authorization request as well as Sushil Sethi M.D.,'s November 8, 2010, independent medical evaluation. In that evaluation, he found that Mr. Cain was at maximum medical improvement. He also determined that the medical treatment rendered to date was not medically necessary or appropriate. The Grievance Board also relied upon a physician review by Prasadarao Mukkamala, M.D. In that review, it was determined that Mr. Cain only required a home physical therapy program and over the counter medications to treat his compensable conditions. Based upon the Grievance Board's recommendation, the claims administrator denied requests for L3-4 nerve root blocks and the medications Naproxen, Baclofen, and Percocet on March 1, 2011.

The Office of Judges reversed the decision of the claims administrator in its August 12, 2011, Order. It found that the nerve root blocks and medications were medically related and reasonably required for the treatment of Mr. Cain's compensable back conditions. The Grievance Board's decision was determined to be based upon reports by Dr. Sethi and Dr. Mukkamala. The Office of Judges found the medical opinion of Dr. Chalifoux to be more persuasive, because it was consistent with Dr. Boling's opinion that surgery would be necessary in the future. Mr. Cain petitioned for attorney's fees and costs based on the reversal of the claims administrator's March 1, 2011, decision.

In its March 21, 2012, Order, the Office of Judges held that attorney's fees and costs were not appropriate in this case pursuant to West Virginia Code § 23-2C-21(c) (2009), which provides that reasonable attorney's fees are to be awarded to the claimant in cases where the denial of an award is found to be unreasonable. A denial is unreasonable if the claims

administrator is unable to demonstrate that it had relevant and probative evidence or a legal basis to support the denial. The Office of Judges determined that the claims administrator denied nerve root blocks and the medications Naproxen, Baclofen, and Percocet in this case based upon the StreetSelect Grievance Board's February 25, 2011, recommendation. The Grievance Board relied upon the authorization request, Dr. Sethi's independent medical evaluation, Dr. Mukkamala's physician review report, and the claims administrator's decision which granted authorization of a neurosurgical consultation. It noted that Mr. Cain underwent multiple injections and was authorized to undergo a neurosurgical consultation. The Grievance Board determined that further treatment should be withheld pending the neurosurgical consultation. The Office of Judges found that the claims administrator's decision was reversed based upon Dr. Chalifoux's reports which indicated that nerve root blocks and medication provided temporary relief while Mr. Cain awaited surgery. Selective nerve root blocks and medication were concluded to be the best treatment options after Mr. Cain declined to undergo surgery. Dr. Chalifoux's treatment records also established that Naproxen, Baclofen, and Percocet had previously been used to treat the injuries. While the Office of Judges found Dr. Chalifoux's opinion to be persuasive, it was not considered by the Grievance Board. The Office of Judges therefore held that the employer had demonstrated that at the time of the claims administrator's decision there was evidence that supported the denial of authorization of nerve root blocks and the medications Naproxen, Baclofen, and Percocet. Accordingly, attorney's fees were not awarded in this case.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its September 21, 2012, decision. This Court agrees with the Board of Review's reasoning and conclusions. The claims administrator denied the claim based upon the StreetSelect Grievance Board's recommendation which was based upon relevant and probative medical reports.

For the foregoing reasons, we find that the decisions of the Board of Review are not in clear violation of any constitutional or statutory provision, nor are they clearly the result of erroneous conclusions of law, nor are they based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decisions of the Board of Review are affirmed.

Affirmed.

**ISSUED:  March 12, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II